U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAY 21 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CALCASIEU CAMERON FAIR ASSOCIATION | : | DOCKET NO. 2:07 CV 1999 |
| VS. | : | JUDGE MINALDI |
| MARKEL INTERNATIONAL INSURANCE COMPANY ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Remand, filed by the plaintiff, Calcasieu Cameron Fair Association (hereinafter "Cal Cam") [doc. 12]. Defendant Lyons Insurance Inc. (hereinafter "Lyons") filed an Opposition [doc. 16]. Defendant Markel International Insurance Company (hereinafter "Markel") also filed an Opposition [doc. 18].

## FACTS

Cal Cam filed a petition in the 14th JDC on September 21, 2007 against Lyons and Markel regarding Cal Cam's Hurricane Rita claim under its insurance policy.[1] At the time of Hurricane Rita, Cal Cam's property was insured by Markel.[2] Cal Cam brought suit against Markel for failure to timely and reasonably pay pursuant to LA. REV. STAT. ANN. §§ 22:658 and 22:1220.[3] Cal Cam brought suit against Lyons for procuring an inadequate amount of coverage, for

---

[1] Compl. [doc. 1].

[2] *Id.* ¶ 4.

[3] *Id.* ¶ 9.

1

breaching its duty to inform Cal Cam that its insurance was purchased from a surplus carrier, and for leading Cal Cam to believe that its insurance was through Lloyds of London and not Markel.[4]

From April 24, 2001, Cal Cam was insured by surplus lines carriers.[5] As required by LA. REV. STAT. ANN. § 22:1258, each of these policies had a disclaimer reading:

> This insurance policy is delivered as a surplus line coverage under the insurance code of the State of Louisiana. In the event of insolvency of the company issuing this contract, the policyholder or claimant is not covered by the Louisiana Insurance Guaranty Association which guarantees only specific policies issued by an insurance company authorized to do business in Louisiana. This surplus lines policy has been procured by the following licensed Louisiana surplus lines broker.[6]

The policy stated that insurance was effective with "certain underwriters at Lloyd's, London."[7]

On April 24, 2004, Cal Cam's policy was renewed through April 24, 2005 with Markel instead of "certain underwriters at Lloyd's, London" appearing for the first time as the listed insurer on the attached declarations page.[8] The standard surplus line language was included on the Policy.[9] The following year, Cal Cam's policy was renewed, again listing Markel as the insurer on the attached declarations page, and again, using the standard surplus line language.[10] This was the policy in place when Hurricane Rita struck.

---

[4] *Id.* ¶ 11.

[5] Lyons' Ex. 1 [doc. 16].

[6] *Id.*

[7] *Id.*

[8] Lyons' Ex. 3 [doc. 16].

[9] *Id.*

[10] *Id.*

2

## 28 U.S.C. § 1441(b)

Pursuant to 28 U.S.C. § 1441(b), a case filed in state court is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Thus, a removing plaintiff must demonstrate that all defendants in the case are completely diverse from the plaintiffs, and that none of the defendants are citizens of the state in which the action was filed." *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp.2d 531, 536 (E.D. La. 2006).

District courts have a duty to inquire whether parties are improperly or collusively joined, either to create or destroy diversity jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). The Fifth Circuit has articulated two ways in which a party may be fraudulently joined: 1.) actual fraud in the pleading of jurisdictional facts, or 2.) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). When a court considers improper joinder, any contested issue of fact and ambiguity of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649. The party seeking removal bears a heavy burden of demonstrating that joinder of the in-state party was improper. *Smallwood*, 385 F.3d at 574.

The second approach finds joinder improper when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Under this method, the district court examines the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant pursuant to state law. *Landry*, 428 F. Supp.2d at 536. Cal Cam's complaint fails to satisfy Section 1441(b)'s requirement on its face, because defendant Lyons is a Louisiana citizen and the case was filed in

Louisiana. The defendants, however, allege that Lyons was joined solely to defeat federal diversity jurisdiction, which implicates the second manner in which a party may be improperly joined.

The court may determine whether the plaintiff is unable to establish a cause of action against the non-diverse defendant in one of two ways: 1.) a Federal Rule 12(b)(6)-type analysis, where the court may only consider the pleadings and any attachments, or 2.) a summary judgment-type inquiry. *Smallwood*, 385 F.3d at 573 (noting that the summary judgment-type inquiry is only appropriate in rare cases and in the district court's discretion). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. Piercing the pleadings should not involve substantial proceedings, and should only permit minimal discovery so the inquiry remains a jurisdictional one. *Id.* at 574. The court notes that these factual inquiries should be limited to factual allegations that can easily be disproved if false. *Id.* at 574 n.12. Here, the Court considers only Cal Cam's insurance policies.

## ANALYSIS

Cal Cam filed its Motion to Remand, arguing that federal jurisdiction is improper because Lyons is a Louisiana resident and is properly joined. Cal Cam argues that Lyons misled Cal Cam into believing that its policy was renewed with Lloyds of London, when instead the policy was renewed with Markel as the surplus carrier. Cal Cam argues that prescription would occur three years from the negligent act, which it argues occurred on March 17, 2005. Because Cal Cam filed suit on September 21, 2007, it argues that prescription is not an issue and thus Lyons is properly joined.

Lyons and Markel oppose Cal Cam's Motion to Remand because they argue federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The defendants argue that it is facially apparent that the amount in controversy exceeds $75,000. The defendants also argue that the parties are completely diverse, since Lyons is improperly joined and Markel is a non-resident. Cal Cam allegedly seeks to recover damages up to the policy limits, which is $492,000.[11] Markel allegedly paid $325,000 on Cal Cam's claim, leaving a balance of $167,000.[12] Cal Cam does not dispute that the federal jurisdictional amount in controversy is satisfied; therefore, the only issue for this Court is whether Lyons is improperly joined.

The defendants argue that Lyons is improperly joined because Cal Cam's claims against Lyons are perempted under LA. REV. STAT. ANN. § 9:5606(A). LA. REV. STAT. ANN. § 9:5606 provides:

> (A) No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> (D) The one-year and three-year periods of limitation provided in Subsection A of this section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

---

[11] Lyons' Mem. in Opp. to Pl.'s Mot. to Remand, at 5 [doc. 16].

[12] *Id.*

Either actual or constructive notice is sufficient to trigger the prescriptive period. *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *9 (E.D. La. July 21, 2006) (Not Reported in F. Supp.). Constructive knowledge is "[i]nformation or knowledge that ought to excite attention and put the alleged victim on guard...[k]nowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard." *Id.* Moreover, a policyholder is responsible for reading his or her policy and is "presumed to know its provisions." *Id.* A plaintiff's claim is therefore perempted if it is not brought within one year of constructive or actual notice of the act, omission, or neglect, or within three years of the alleged act, omission, or neglect. *Id.*

Next, this Court must determine when Cal Cam had actual or constructive notice of Lyons' allegedly tortious conduct. Cal Cam argues that the negligent act occurred on March 17, 2005, and the claim prescribed on March 17, 2008. Lyons and Markel argue that the claims against Lyons are perempted under the one-year period in LA. REV. STAT. ANN. § 9:5606 because Cal Cam had constructive notice via its insurance policy that Markel was its new surplus carrier at the time of issuance on April 24, 2004. Lyons and Markel alternatively argue that even if the three-year prescription period applies, Cal Cam's claim prescribed April 24, 2007 because policy renewals do not restart the peremptive periods articulated in LA. REV. STAT. ANN. § 9:5606. *See Dobson*, 2006 WL 2078423, *6 (noting that renewals do not restart peremptive periods absent allegations of subsequent misrepresentations in connection with renewals).

Although Cal Cam in its Motion to Remand asserts that the misleading act occurred on March 17, 2005, the policy that began on April 24, 2005 was merely a renewal of the policy issued April 24, 2004, which contained identical terms and listed Markel as the surplus line

insurance provider. Cal Cam does not allege in its complaint that subsequent misrepresentation occurred with the April 24, 2005 renewal; therefore, the renewal cannot operate to restart peremption. *See, e.g., Cameron Parish Sch. Bd. v. State Farm Fire & Cas. Co.*, 2007 WL 3231624, *2 (W.D. La. Oct. 30, 2007).

Moreover, the April 24, 2004 policy provided constructive notice of the new terms, which triggered the one-year peremptive period. Even if Lyons mislead Cal Cam into believing the insurance policy was with Lloyds of London and not Markel on March 17, 2005, the one-year prescriptive period nonetheless acts to bar this suit against Lyons because Cal Cam had constructive notice of the insurer through the April 24, 2005 insurance policy, which listed Markel as the insurer. Cal Cam failed to file suit until September 21, 2007, after the one-year period expired.

Alternatively, Markel argues that regardless of the peremptive period, Cal Cam fails to state a valid claim against Lyons because Lloyds of London is not an insurance company, "but rather a self-regulating entity which operates and controls an insurance market." *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857-59 (5th Cir. 2003). The Fifth Circuit noted that a policyholder insures "at Lloyds but not with Lloyds." *Id.* at 858. Thus, "when a policyholder receives a Lloyds 'policy' of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk." *Id.* at 859. Markel argues that, despite Cal Cam's misunderstanding of the London insurance market, Lyons provided exactly what Cal Cam bargained for: coverage by an active member of the London insurance market. Markel thus argues that Cal Cam's misunderstanding of how Lloyds of London operates cannot provide the grounds for a negligence action. This Court declines to

reach the merits of Markel's alternative argument because Cal Cam's claim against Lyons is prescribed under LA. REV. STAT. ANN. § 9:5606; accordingly,

IT IS ORDERED that Cal Cam's Motion to Remand is hereby DENIED,

IT IS FURTHER ORDERED that Lyons is hereby DISMISSED from this lawsuit.

Lake Charles, Louisiana, this 29 day of April, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE